UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GABBLE LEE MITCHELL          ]
    Plaintiff,             ]
                             ]
v.                           ]    No. 3:09-0897
                             ]    Judge Campbell
PHIL BREDESEN, GOVERNOR, et al. ]
    Defendants.            ]

## O R D E R

The plaintiff is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. In September, 2009, he submitted a *pro se* civil complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff had, on at least seven prior occasions, filed actions in federal court which were dismissed as being frivolous. Because there was no suggestion of any imminent danger of serious physical injury, plaintiff's application to proceed in forma pauperis was denied. 28 U.S.C. § 1915(g).

In an order (Docket Entry No. 3) entered September 29, 2009, the plaintiff was granted thirty (30) days in which to pay the full filing fee of three hundred fifty dollars ($350.00). He was forewarned that, in the event he failed to pay the filing fee, it would be assessed against him and collected from his inmate trust account. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

The thirty day period has expired and the plaintiff has not yet complied with the instructions of the Court by paying the filing fee. Accordingly, the plaintiff is herewith assessed the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as

an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. Sperow v. Melvin, 153 F.3d 780,781 (7th Cir. 1998)(when a plaintiff has neither paid the filing fee nor obtained pauper status, his complaint is subject to dismissal for want of prosecution).

The Court notes that the plaintiff has filed a Notice of Appeal (Docket Entry No. 9) challenging the denial of his application to proceed in forma pauperis. Having already earned seven strikes, the plaintiff can not proceed with his appeal in forma pauperis. Therefore, the plaintiff is GRANTED thirty (30) days from the date of entry of this order on the docket in which to remit the full appellate filing fee of four hundred fifty five dollars ($455.00). The plaintiff is forewarned that, should he fail to comply with the instructions of the Court, the full amount of the appellate filing fee will be assessed against him. In re Alea, *supra*.

The Clerk is directed to send a copy of this order to the Warden of the West Tennessee state Penitentiary to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

_____
Todd Campbell
United States District Judge